IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER WRIGHT,  No. CIV S-06-0475-MCE-CMK-P

    Plaintiff,

    vs.  ORDER

RODERICK HICKMAN, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on March 8, 2006. Also pending is plaintiff's motion for appointment of counsel (Doc. 7), filed on June 5, 2006.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff lists the following as defendants: Roderick Hickman; R. Corcoran; J. Flores-Lopez; John Culton; Alvaro Traquina; and four unnamed "John Doe" defendants.  Plaintiff states that he underwent surgery on his left foot and toes in 2004 and that complications resulted which required a second surgery in 2005.  Plaintiff states that his repeated requests for medical care for his foot have been refused.  Plaintiff claims that he was told that, due to contract problems, the prison had no podiatrist available.  Plaintiff seeks compensatory damages.

## II. DISCUSSION

**A.     Complaint**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, while plaintiff names a number of individual defendants, his statement of claim does not make reference to any of them in particular.  Rather, plaintiff refers to "medical staff" in general.  Plaintiff will be given an opportunity to amend the complaint to state how each named individual defendant participated in the alleged constitutional violation.

### B. Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

1  be complete in itself without reference to any prior pleading.  See id.

2        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
3  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
4  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
5  each named defendant is involved, and must set forth some affirmative link or connection
6  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
7  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8        Finally, plaintiff is warned that failure to file an amended complaint within the
9  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
10 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
11 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
12 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

13       Accordingly, IT IS HEREBY ORDERED that:

14       1.    Plaintiff's motion for appointment of counsel is denied;

15       2.    The Clerk of the Court is directed to delete Mule Creek State Prison from
16 the docket as a defendant to this action and to amend the docket to reflect the caption above;

17       3.    Plaintiff's complaint, filed on March 8, 2006, is dismissed with leave to
18 amend; and

19       4.    Plaintiff shall file a first amended complaint within 30 days of the date of
20 service of this order.

21 DATED:  June 7, 2006.

22

23                 /s/ Craig M. Kellison
                CRAIG M. KELLISON
24                 UNITED STATES MAGISTRATE JUDGE

25

26