IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER WRIGHT,                     No. CIV S-06-0475-MCE-CMK-P

    Plaintiff,

  vs.                                  FINDINGS AND RECOMMENDATIONS

RODERICK HICKMAN, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's document entitled "Emergency Appeal, Restraining Order, Show Cause, Informational Motion, Motion, and Motion to Amend Complaint" (Doc. 16). The court will address herein plaintiff's request for injunctive relief. Plaintiff's motion for leave to amend will be addressed separately.

**I. BACKGROUND**

        Plaintiff asserts that he has "suffered a reprisal" in retaliation for filing the instant lawsuit. He bases this contention on events that occurred on August 25, 2006. Plaintiff states that prison guards "stuffed [him] in a cage" for two hours and then threatened to tamper with his

1

legal mail, take his property, and prevent him from having any outside contact.  Plaintiff states that a prison guard said: "You do not know who you have been playing with, and the great thing about it is, when it is all said and done, who do you think they will believe.  Now get your sorry ass out of here and go see what property you have left."  According to plaintiff, when he returned to his cell, his television, blankets, and food were all missing.  Plaintiff seeks a "restraining order against the Department of Correction."

## II.  DISCUSSION

    The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable.  See id. at 1334-35.

    The standard for a temporary restraining order is essentially the same.  The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders

are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

       Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order.  First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order.  See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order.  See Local Rule 65-231(c).

       Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

       In this case, plaintiff has not demonstrated the possibility of irreparable injury.  Even assuming all of plaintiff's factual assertions are true, they suggest that plaintiff's property was improperly taken.  This kind of injury is not irreparable.  To the extent plaintiff alleges he fears physical harm from prison officials, plaintiff's allegations are of speculative harms and do not suggest an imminent threat if bodily injury or some other irreparable harm.

       Moreover, the only prison official named in the motion for injunctive relief – correctional officer Pesioles – is not a defendant to this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   October 2, 2006.

                               _____
                               **CRAIG M. KELLISON**
                               UNITED STATES MAGISTRATE JUDGE