IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER WRIGHT,                              No. CIV S-06-0475-MCE-CMK-P

      Plaintiff,

  vs.                                                             ORDER

WOODFORD, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 13), filed on August 7, 2006.[1]  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

---

[1] On October 3, 2006, the court denied plaintiff's motion for leave to file a second amended complaint as unnecessary because plaintiff had not exhausted his opportunity to amend once as of right. The court stated that plaintiff could file a second amended complaint within 30 days of the date of the order, but that if plaintiff failed to do so, the August 7, 2006, amended complaint would be considered the operative pleading in this case. To date, plaintiff has not filed a second amended complaint.

1

Plaintiff now names the following: Woodford, Poulos, Corcoran, Flores-Lopez, Culton, Dunn, and "John Doe <Chief Medical Officer>."[2] Plaintiff states that he underwent surgery on his left foot and toes in 2004 and that complications resulted which required a second surgery in 2005. Plaintiff states that his repeated requests for medical care for his foot have been refused. Plaintiff claims that he was told that, due to contract problems, the prison had no podiatrist available.

The original complaint was dismissed with leave to amend because plaintiff had not linked the alleged constitutional violation to any named defendant. Specifically, the court stated:

> In this case, while plaintiff names a number of individual defendants, his statement of claim does not make reference to any of them in particular. Rather, plaintiff refers to "medical staff" in general. Plaintiff will be given an opportunity to amend the complaint to state how each named individual defendant participated in the alleged constitutional violation.

Plaintiff has cured this defect. The first amended complaint thus appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

/ / /

---

[2] In the original complaint, plaintiff named the following as defendants: Roderick Hickman; R. Corcoran; J. Flores-Lopez; John Culton; Alvaro Traquina; and four unnamed "John Doe" defendants. Because the first amended complaint supercedes the original complaint, and because the first amended complaint does not name Hickman or Traquina, the Clerk of the Court will be directed to terminate these individuals as defendants. The Clerk of the Court will be directed to update the docket to reflect that Woodford, Poulos, Corcoran, Flores-Lopez, Culton, and Dunn, and "Chief Medical Officer – CIM" are the defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate Hickman and Traquina as defendants and to add Woodford, Poulos, and Dunn as defendants, and to update the docket to reflect that Woodford is the lead defendant for purposes of the caption;

2. Service is appropriate for the following defendant(s):

    WOODFORD,

    POULOS,

    CORCORAN,

    FLORES-LOPEZ,

    CULTON, and

    DUNN;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above (six forms), one summons, an instruction sheet, and a copy of the first amended complaint filed August 7, 2006; and

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Six completed USM-285 form(s); and

    d. Seven copies of the endorsed first amended complaint.

DATED: January 26, 2007.

                                                            **CRAIG M. KELLISON**
                                                            UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER WRIGHT, | No. CIV S-06-0475-MCE-CMK-P |
| Plaintiff, | |
| vs. | |
| WOODFORD, et al., | |
| Defendants. | |
| _____/ | |

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;

    ____    completed USM-285 form(s); and

    ____    copies of the first amended complaint.

DATED: _____        _____
                                                                          Plaintiff